**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**LARRY CHESHIRE,**

                            **Petitioner,**

     **- against -**

**J. WALSH, Superintendent,**

                            **Respondent.**
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

**07 CV 3673 (NG)**

**GERSHON, United States District Judge:**

    *Pro se* petitioner Larry Cheshire petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is being held in custody in violation of the Constitution and laws of the United States. Petitioner is currently incarcerated at the Sullivan Correctional Facility pursuant to a judgment of conviction entered on October 15, 2002, following a plea of guilty entered in the New York State Supreme Court, Queens County, for Robbery in the First Degree, N.Y. Penal Law § 160.15(4).

## BACKGROUND

**I.      Proceedings Below**

    Petitioner was apprehended for a robbery at a warehouse in Queens, New York, after his fingerprint was found at the scene of the crime. On September 9, 2002, petitioner appeared with his counsel before Justice Joseph Rosenzweig in the New York State Supreme Court, Queens County, and pled guilty to robbery in the first degree, the top count of the indictment. At the proceedings, the parties represented that petitioner was a "violent predicate." *See* Plea Tr. at 3-4. Petitioner withdrew his plea of not guilty and entered a plea of guilty to the top count of the

indictment, "with the understanding he would receive a minimum of ten years."[1]  *Id.* at 4.  On October 15, 2002, the court arraigned petitioner as a second violent felony offender and sentenced him to a term of imprisonment of 10 years and a period of post-release supervision of five years.

On April 26, 2005, petitioner filed a *pro se* motion to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20, arguing that his sentence was "unauthorized, illegally imposed [and] invalid as a matter of law" because the prior conviction that served as the basis for his second felony offender adjudication did not qualify as a predicate offense.  *See* Exh. B (Pet.'s Mot.).  Petitioner also argued that "[i]t is clear in this case that defendant was to receive the 'minimum sentence' for his guilty plea to robbery in the first degree" and that "the People didn't make it a part of their plea agreement that defendant was to be sentenced over the minimum."  Exh. D (Pet.'s Reply) ¶¶ 4, 5 & n.2.  Refusing to "waive the minimum sentence of his original plea agreement that he has already pled guilty to," petitioner requested that he be re-sentenced to the minimum term as a first time violent felony offender.  *Id.* ¶¶ 5, 8.  The People conceded that petitioner should not have been adjudicated as a second violent offender,[2] but argued that "the ten-year sentence defendant received on his plea is a legal sentence for a first-time violent offender offender."  Exh. C (People's Opp.) at 4.

---

[1]  While defense counsel was "under the impression" that her client had been previously promised a minimum sentence, the prosecution and the court could not remember whether that exact offer had been made.  The prosecution represented that their position has "always been . . . that defendant would have to plead to the top count of the indictment," but that the court had not made any commitment as to the exact sentence.  *Id.* at 2-3.

[2]  Section 70.04 of the New York Criminal Procedure Law requires that the sentence on a prior conviction that serves as a predicate violent felony conviction must have been imposed not more than ten years before the commission of the current offense, exclusive of periods of incarceration.  The People neglected to exclude the time during which petitioner spent incarcerated, a calculation that would have brought him outside the ten year period.

On August 9, 2005, petitioner appeared with counsel before Justice Richard McGann for re-sentence.[3]  Upon the consent of both parties, the court vacated the finding that petitioner is a second violent felony offender and asked the parties for additional applications.  Petitioner, while agreeing that ten years was a legally permissible sentence, contended that "there was an agreement made in this courtroom . . . and all the people were satisfied with that agreement as to the minimum number" and he accordingly felt "entitled to that minimum number that the People, myself, and the Court were [in] agreement upon."  Re-sentencing Tr. at 4.  Petitioner also stated that, "if . . . everyone at first thought that or . . . if they knew that I wasn't a . . . second felony offender [then], maybe, we could have came to an agreement that I'll get less than the ten years that I received earlier."  *Id.*  In response, the prosecution stated that, even though petitioner was not a second violent felony offender, he was "still a violent person and he has a violent history" and that "the ten years was the agreed upon sentence and appropriate sentence in this case."  *Id.* at 8.

The court acknowledged that, initially, "[t]he judge gave [petitioner] the minimum he could have, at the time, under all the knowledge available to all sides"[4] but stated that it "cannot and will not come to a decision that . . . would be just and consistent by giving [petitioner] the

---

[3]  Justice Rosenzweig, who presided over the plea and the sentencing, had died at some point prior to the re-sentencing.  A difference prosecutor also appeared at the re-sentencing.

[4]  Earlier in the proceeding, the court commented in response to petitioner's representation that he was promised a minimum sentence as part of his plea bargain, "There was never an agreement that you were entitled to the minimum number."  *Id.* at 4.  The court, however, mistakenly believed that the minimum term for a second violent felony offender was eight years and accordingly did not believe petitioner could have been promised a minimum term if he had received ten years from the judge.  The court later corrected the record, stating that "[t]he minimum number was, in fact, a ten so that the agreed upon disposition to the top count by the sentencing judge was that he would and did, in fact, give the defendant a minimum number available under the correct assumptions by all sides that the defendant was a second violent felony offender."  *Id.* at 10-11.

minimum sentence of five years." The court concluded that this minimum term applicable to a first violent felony offender would not be a "fitting sentence" for petitioner and stated, "I have no reason to believe that that prerogative would have been available, that would have been the court's decision." After indicating that it would sentence petitioner to a term that it believed would be "right," the court imposed a sentence of eight years in prison with five years of post-release supervision. *Id.* at 10-11.

## II.    Direct Appeals

On December 26, 2006, petitioner, through counsel, appealed to the Appellate Division, Second Department, seeking an order reducing his re-sentence. Petitioner argued that the re-sentencing term failed to fulfill the intent underlying his initial plea because he waived his right to appeal his sentence in exchange for the minimum permissible sentence. Petitioner further argued that, once it was determined at re-sentencing that he had been improperly adjudicated as a second violent felony offender, the court should have re-sentenced him to the minimum permissible sentence of five years for a first time violent felony offender. Alternatively, petitioner claimed that the re-sentence was unduly harsh and should be reduced in the interest of justice because the court did not adequately take into consideration the rehabilitative efforts he had engaged in by the time of re-sentencing. In a Decision and Order dated April 17, 2007, the Appellate Division affirmed petitioner's sentence without an opinion, noting that petitioner's appeal, "as limited by his motion," was only on the ground that the sentence was excessive. *People v. Cheshire*, 39 A.D.3d 770 (2d Dept. 2007).

By letter dated May 9, 2007, petitioner, through his counsel, timely sought leave to appeal to the New York Court of Appeals and expressly asked the court to consider all issues

raised in petitioner's appellate motion. On July 6, 2007, the Court of Appeals summarily denied this request. *People v. Cheshire*, 9 N.Y.3d 864 (2007).

## III.     Habeas Petition

On August 10, 2007, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court, again arguing that, at the time of his original sentence, the court and petitioner were "uninformed as to the true consequence of his plea and misinformed as to his status as a first felon offender," and he was therefore unable to make "an informed and intelligent choice between alternatives presented to him by the People." As relief, petitioner seeks specific performance of the alleged terms of the plea bargain; in other words, petitioner seeks to be re-sentenced to a term of five years of imprisonment on the ground that his original plea of guilty was entered into with the expectation that he would receive the minimum sentence in return.

## DISCUSSION

## I.     Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a federal court may grant an application for a writ of habeas corpus on behalf of any person in custody pursuant to a state court judgment with respect to a claim that was "adjudicated on the merits" only if it concludes that the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determination of factual issues made by a state court "shall be presumed to be correct," and the petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.     Relief Sought

"A guilty plea operates as a waiver of important rights and is only valid if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 173, 182-83 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970). In order to collaterally attack the validity of a plea, petitioner must show that "he made the unfavorable plea on the constitutionally defective advice of counsel, or that he could not have understood the terms of the bargain he and [the People] agreed to." *Id.* at 186 (citations omitted); *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). Where a plea is induced by promises, "the essence of those promises must in some way be made known" and "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 261-62 (1971). However, this language in *Santobello* is tempered by the decision in *Mabry*, where the Court identified the issue as "whether a defendant's acceptance of a prosecutor's proposed plea bargain creates a constitutional right to have the bargain specifically enforced" and concluded that it did not. *Mabry*, 467 U.S. at 505, 511 & n.11.

Here, petitioner was resentenced to a lesser term in the state court when all parties agreed that the mutual understandings of the parties and the court that petitioner was a second violent felony offender were erroneous. Neither at any of the state court proceedings, nor in this court, has the petitioner sought any relief other than specific performance of that part of his agreement

to plead guilty, which he argues entitles him to "the minimum." Petitioner has never sought to withdraw his plea.

On the record before this court, petitioner cannot be entitled to "the minimum" relevant to a first time violent felony offender when all parties understood at the time that "the minimum" was 10 years, not five. In any event, if there were an agreement, specific performance is not a constitutionally required remedy under *Mabry* and *Santobello*. *See Mabry*, 467 U.S. at 510-11 & n.11 (holding that, even if the defendant's plea were invalid, "*Santobello* expressly declined to hold that the Constitution compels specific performance of a broken prosecutorial promise as the remedy for such a plea"); *Santobello*, 404 U.S. at 257 (remanding the case and leaving it to the state court's discretion to determine the ultimate relief to which petitioner is entitled). In sum, the state court's decision to deny petitioner specific performance was neither contrary to, nor an unreasonable application of, established law, nor based on an unreasonable determination of the facts. Therefore, the petition for a writ of habeas corpus is denied.

## CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

**SO ORDERED.**

_____/s_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
         December 23, 2008